**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JAY RODIA**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JASMINE DAVIS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1312-CR-000610 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Annie Christ-Garcia, Judge
Cause No. 49F24-1302-FD-013447

**July 8, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Jasmine Davis appeals her conviction for Theft,[1] a D felony. She challenges the sufficiency of the evidence as her sole issue on appeal.

We affirm.

Susan Brotherton left her Westside Indianapolis home on February 6, 2013 around 8:20 in the morning. She returned home about 12:40 p.m. and discovered that her home had been burglarized. Several items were missing, including a red Nikon camera. Brotherton provided police with the serial number for the camera. Detective Brian Hofmeister ran a database search of pawn shops in Marion County and discovered that the camera had been sold by Davis to Indy Pawn at 4:15 on the afternoon of the burglary. The pawn shop is in Lawrence, across town from the site of the burglary and Davis's Avon residence.

Police brought Davis in for questioning on February 26, 2013. Davis gave a voluntary, though evasive, statement to Detective Hofmeister. When asked where the camera had come from, Davis indicated that a man was on the street selling a trunk full of electronics for $200. She stated that she purchased this lot of items with her brother and a friend in January. Davis pawned several of these items on January 25 and became the subject of a Hendricks County investigation involving an Avon burglary.

Davis claimed that the camera was in the same lot of electronics that she purchased in January, but Detective Hofmeister alerted her to the fact that this could not be because the camera was not stolen until February 6 and pawned that same day. Davis indicated that

---

[1] Ind. Code Ann. § 35-43-4-2 (West, Westlaw current with all legislation of the 2nd Regular Session of the 118th General Assembly (2014) with effective dates through May 1, 2014).

2

she had been terminated and left work before noon on February 6. She went home after picking up her daughter. According to Davis, she then retrieved the camera from her home and pawned it across town. Other than her claim that she thought the camera came out of the lot of electronics purchased from a man's trunk, Davis did not explain her possession of the camera.

The State charged Davis with class D felony theft. The case was tried to the bench on August 12, 2013. The trial court found Davis guilty as charged. Thereafter, the trial court ordered alternative misdemeanor sentencing and imposed a sixty-day term of imprisonment in the Marion County Jail. Davis now appeals on sufficiency grounds.

Our standard of review for challenges to the sufficiency of the evidence is well settled.

> When reviewing the sufficiency of the evidence needed to support a criminal conviction, we neither reweigh evidence nor judge witness credibility. *Henley v. State,* 881 N.E.2d 639, 652 (Ind. 2008). "We consider only the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence." *Id.* We will affirm if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt. *Id.*

*Bailey v. State,* 907 N.E.2d 1003, 1005 (Ind. 2009).

In order to convict Davis of theft as charged in this case, the State was required to prove that she knowingly exerted unauthorized control over another's property, with intent to deprive the other person of any part of its value or use. I.C. § 35-43-4-2(a). "A person engages in conduct knowingly if, when she engages in the conduct, she is aware of a high probability that he is doing so." Ind. Code Ann. § 35-41-2-2(b) (West, Westlaw current

3

with all legislation of the 2nd Regular Session of the 118th General Assembly (2014) with effective dates through May 1, 2014).

Davis contends that the State failed to sufficiently establish that she had knowledge that the camera was stolen at the time she pawned it. We have explained:

> "Knowledge that property is stolen may be inferred from the circumstances surrounding the possession." *Bennett v. State,* 787 N.E.2d 938, 946 (Ind. Ct. App. 2003), *trans. denied.* The test of knowledge is not whether a reasonable person would have known that the property had been the subject of theft but whether, from the circumstances surrounding the possession of the property, the defendant knew that it had been the subject of theft. Possession of recently stolen property when joined with attempts at concealment, evasive or false statements, or an unusual manner of acquisition may be sufficient evidence of knowledge that the property was stolen.

*Purifoy v. State*, 821 N.E.2d 409, 414 (Ind. Ct. App. 2005) (some citations omitted), *trans. denied*.

Here, the camera was taken across town and pawned by Davis within hours of the burglary. Davis's own statement about how she obtained the stolen camera was evasive. She initially claimed to have purchased it along with a trunk full of other electronics in a one-time transaction with a man on the street. Davis indicated that she knew the electronics could be resold for much more. A trier of fact could reasonably conclude that this constitutes an unusual manner of acquisition. Further, when this explanation was questioned by the detective, Davis stated that she could not otherwise explain her possession of the camera. She simply said that the camera was at her home when she returned from being terminated at work, and she took it to the pawn shop that afternoon. The circumstantial evidence is sufficient to support the trial court's conclusion that Davis knew the camera was stolen.

4

Judgment affirmed.

MATHIAS, J., and PYLE, J., concur.